Good morning, Your Honors. Krista Lelora on behalf of Doan Law Firm for the appellant, Adolfo Barrientos. The issue before you today is, may a proceeding for a discharge violation under 524 be brought by way of an adversary proceeding? And the appellant will argue yes. There is nothing in the bankruptcy code or the bankruptcy rules that prohibit a contempt proceeding be brought, or can't be brought by an adversary proceeding. In fact, 7- To the converse, is there anything that permits a contempt proceeding to be brought by way of an adversary hearing? Yes, Your Honor. 7001 states what, or Bankruptcy Rule 7001 states what are considered adversary proceedings. And 7001-7 says an adversary proceeding is a proceeding for injunctive or other equitable relief. And contempt remedies are equitable, is an equitable relief. Now, is there any case that says a contempt relief is equitable in nature? I don't have it in front of me, but it can submit additional case law if necessary. But if that's your argument, it would have some authority to support that. Well, 7, I think that even under Federal Bankruptcy Rule 9020, which is where contempt proceedings are dealt with or governs contempt proceedings, it states that 9014 applies. And 9014 states that 7004 applies to service. 7004 is an adversary proceeding service, which means adversary, which seems to imply that a contempt proceeding is handled the same way as an adversary proceeding. But 7001 contains a list of permissible adversary proceedings, but it doesn't include a Section 524 proceeding, does it? No, it does not. And in fact, the Federal Rules of Bankruptcy 9020 indicates that contempt proceedings are contested matters governed by Bankruptcy Code Section 9014, not the adversary proceeding Section 7001. Correct, but if you go further and read 9014, it states that 7004 applies, which is an adversary proceeding rule. Can I ask, our prior case, 2002 case Walls, you argue, of course, is not applicable. It just simply addresses whether there's a private right of action, not the application of 7001. But if you're right or if you're wrong, does Wells cover it for us, or do we need to publish a result here? I'm sorry, I don't understand your question. In other words, do we need to publish the result here? In other words, if Walls is inapposite, do we need to publish a decision here? Whether we agree with you or disagree with you, do we need to publish the result? Yes, I think you should publish the result, mostly because that way adversary proceedings can be used to bring contempt violations or proceedings for a discharge violation under. So in other words, it's your argument that this is an issue of first impression for the Ninth Correct, because I think that the appellees are trying to say the appellant is bringing a private right of action. And that is not what we're saying. Walls is very clear that a private right of action is not available under 11 USC 524. We're not seeking a private right of action. We're only seeking contempt remedies, which are available under 105. And if your honors find that some of our prayers for relief in the first amended adversary complaint are considered private rights of actions, at least 54C limits the remedies available to that, which is available under 105, which is a contempt. Aren't you seeking damages? We're seeking civil compensatory damages for attorney's fees. And we're seeking injunctive relief to have Wells Fargo zero out the balances on the credit report as a violation of the discharge order. One last question that I have is your argument, of course, is that you're under 7001 because you're seeking an injunction. But you're really not seeking an injunction, are you? You're seeking enforcement of an existing injunction. 524 creates the injunction and the discharge order. So why shouldn't we interpret your relief sought as not being, it's simply enforcement of an existing injunction? I am actually not arguing that it's an injunctive proceeding. I'm arguing that it's an equitable remedy. The appellant shouldn't be unfairly having his credit unfairly reported just because we chose to use an adversarial proceeding, an adversary proceeding as a vehicle instead of an order to show cause. That's certainly true. But typically, normally, we think that you proceed to the court that issued the injunction if you're seeking to enforce it, interpret it, obtain damages, obtain contempt. We normally think that you go back to the court that issued it. Well, an adversary proceeding is in the court that issued it. It's under the bankruptcy court, which is the court that signed the discharge order. Therefore, we're in the right court. It's distinguishable from a Walls case where she brought her actions in the district court. This is before the court that signed the discharge order and has the ability to enforce that discharge order. But it may or may not be before the same judge. Correct. Which is usually important for a contempt citation that the same judge who imposed the order enforce the order. It can be removed to that same judge since it's in the same district. I'm puzzled just as a practical matter. You faced headwinds on this right away. You knew what the position of the bankruptcy court was, the district court. And yet, you proceeded to an appeal on this. Your client just wants to have the record cleaned up. Why didn't you just go back and go with a contempt proceeding rather than pursuing this quixotic course? Well, Your Honor, I think that it's about fairness in the end. It's about the fact that an adversary proceeding can You want to serve your client. You want your client to get the remedy that the client needs. Correct. In this case, you've just gone back and used the contempt application, which everybody agrees you can use. I don't think you dispute that. No, Your Honor. You wouldn't be fighting this long battle. But whether you win or lose, your client, clearly, in the meantime, is not winning, is he? No, he's not. So that's my question. Why didn't you take the practical course and just do something that you knew would work rather than the approach that you took? Because then that limits the availability of adversary proceedings at a different time. Somebody needs to bring this issue to the court, and we will be the ones doing it. Thank you. All right. Thank you. Christopher Yu for Appellee Wells Fargo Bank National Association. I believe all of my client's positions set forth in our responding brief. In my opinion, the real purpose, as Your Honor noted, was why are they keep on fighting? Why aren't they simply bringing either an application motion for contempt proceedings, which is allowed under Section 524, is that they have one remedy. They've asserted in their first amended complaint that's not allowed under Section 105, which is for punitive damages. Can I just cut to the quick also with the bank? Does the bank contend that it has the right to retain, to continue to go after Mr. Barrientos for funds? Your Honor, it does not. From an underlying merit base, it's always been our contention that we did not report delinquencies in connection with Mrs. Barrientos. Mrs. Barrientos is our borrower, not Mr. Barrientos. We are in this position because we don't believe an adversary proceeding is the right vehicle or mechanism. I understand that. I understand the bank's position on that. I'm just, again, to the practical point. It's not contending. I'm trying to find out, is it the bank's position that it has the right to keep this? The bankruptcy court is clearly barred. I don't know. OK. No, we're not contending that at all. In fact, prior to when the lawsuit was commenced, we provided information we believe is adequate to say that we didn't report post-discharge. Once the bankruptcy was discharged, we didn't report delinquencies to credit reporting agencies. Is this one of the three credit reporting agencies, or one or more of them, that's showing this at this point? Is that what's happening? I haven't seen evidence of that because we just never got there as this case was stuck in the pleading stage. I understand. May I ask, is this case covered by walls? Do we need to address it? No, Your Honor. I mean, the walls could not be clearer. Walls stated. So your answer is yes, it's covered by walls. Yes, exactly. You're right. I mean, we don't need to. We don't. I don't believe that the walls answers the question. The walls answers the question that any action under 524 is limited. There's no private right of action. It's the sole remedy to a person who's been harmed is to bring a contempt proceeding. It does not address 7001. It doesn't tell us that it's limited by its terms. In other words, you can bring other things, or it is not so limited. But it does tell us whether there's a private right of action. There's no private right of action. It basically tells the parties that it can't. You don't need to publish to eliminate any confusion. You feel like there's no problem, basically, in the bankruptcy courts. I believe that's correct, Your Honor, as well as the further additional cases that have also, the cases that follow the wall, such as Katie versus SR Financial, also clearly state that there's no private right of action for violation of 524. What's your response to opposing counsel's argument that she's not seeking a private right of action? She's just seeking enforcement of a prior order. That sounds like semantics to me. They brought an adversary. They brought an adversary action against my client. And the sole cause of action in the caption is for contempt proceedings for violation of 524. That's a private cause of action. And they've asserted a remedy for punitive damages, which is not allowed under Section 105. So is your argument that any adversary action is necessarily a private right of action? Yes, Your Honor. So now, is there a case that says that any time you are seeking to have an adversary proceeding that necessarily means that you're pursuing a private right of action? Your Honor, I think it's implied because, for example, if you were to bring a contempt proceedings, a motion for contempt for violation of injunction, most bankruptcy courts have a specific provision or a motion that you can bring under their local rules in the underlying bankruptcy. In this case, you brought an adversary lawsuit, as Your Honor noted, that can be brought before a different judge. And you're asserting a cause of action or claim. It's de facto, by its own definition, a private claim. You're not bringing a motion or an application in the underlying bankruptcy that issued the discharge. You're bringing a separate lawsuit with separate case number, adversary case number. On behalf of an individual. On behalf of an individual, in this particular case, with a different adversary case number against a defendant, not a claimant, not a creditor, but a defendant by an adversary plaintiff, seeking not only the remedies allowed under Section 105, which the court has inherent power to issue, had the plaintiff brought simply a motion for contempt proceedings, but now is also seeking punitive damages. In this particular First Amendment adversary complaint, which is not delineated or identified in Section 105. When I asked counsel for the plaintiff if she was seeking damages, she said they were not seeking damages. When you look at the First Amendment complaint, which is their excerpt number one, they're seeking punitive damages. They allege that my client's conduct was malicious. And that's, from the beginning, that's the way I saw the distinction between, in essence, why, I was asking myself, why are they doing this? Why don't they simply bring an application or motion under local rules, based upon either the judicial form provided by the court, or they can stall their motion, simply bring an application for contempt proceedings, and we'll have an evidentiary hearing. They'll put it on their side, we'll put it on our side. So I said, why are they not pursuing this remedy? As Your Honor also noted, saying, why go through this hassle? There's one distinction between, there's one distinction, the only distinction that I see is that they're seeking punitive damages, which is not authorized under Section 105. And again, they brought an adversary lawsuit. It's a lawsuit. How is that not a private right of action prohibited by the Walsh case, which is a good case law? All right, are you done? Yes, Your Honor. Okay, we'll have your vote. The first point I'd like to make is that we are not seeking punitive damages. If you read the prayers for relief in the first amended adversary complaint,  coercive fines, First sentence of the first amendment, and the record, would you just point us to the record? Sure, it's, sorry. It's Exhibit 1. Tab 1. Tab 1. And what page? It would be on page 11. Pages 10 and 11. The appellant is not seeking punitive damages. We solely are seeking contempt remedies available under 105. The fact that an adversary proceeding is a vehicle used should not. Wait a minute, page 10, paragraph Roman numeral 2nd, D? B. Compensatory civil contempt damages in the form of sanctions and or punitive damages. For violation of? Consummate to 11 U.S. codes. Compensatory civil contempt damages are allowable. If the punitive damages, we're actually only seeking attorney's fees and incidental damages based on the violation of the district program. And including but not limited to attorney's fees. So you're seeking, you were seeking punitive damages in the complaint. Otherwise, why would you have that there? I can't answer that. You also have in the allegations the typical types of allegations that would lead to punitive damages. Correct. This, the allegations about emotional distress and the like. President Rose, by any other name, smell is sweet. Yes. I mean, at the end of the day, my, the position is even if you, if that sole cause of action was dismissed, there are still contempt remedies available and an adversary proceeding should be allowed to use, be used, or be allowed to be used in this situation. Love the emperor strangely. Thank you, counsel. Thank you to both counsel. Case disargued is submitted for decision by the court. Our next and final case on calendar for argument today is Pang versus Holder.
judges: Jones, Rawlinson, Smith M.